UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-5004

JOSEPH EDWARD HELMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Robert Earl Maxwell, Senior District Judge.
(CR-90-132)

Submitted: May 26, 1998

Decided: September 2, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard Wallace Shyrock, Jr., MULLENS & REGAN, Elkins, West
Virginia, for Appellant. William D. Wilmoth, United States Attorney,
Sherry L. Muncy, Assistant United States Attorney, Elkins, West Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Edward Helms appeals his twenty-four month sentence imposed for violation of supervised release. We affirm.

Helms was convicted of two counts of sexual exploitation of children in violation of 18 U.S.C.A. §§ 2251(a), (d) (West 1994 & Supp. 1998), and sentenced to a term of sixty-three months' imprisonment to be followed by three years' supervised release. Helms' term of supervised release commenced in November 1995.

In April 1996, the probation office reported that Helms had developed a relationship with a woman who had a three-year-old daughter. After he was instructed to terminate this relationship, Helms allegedly became involved with another woman who also had a young daughter. In August 1997, the Department of Human Services began to investigate Helms' relationship with a woman who had two young daughters. In response to these events, the district court modified the conditions of Helms' release to prohibit his contact with both female children under the age of eighteen and women with daughters under the age of eighteen.

Helms twice violated this prohibition. In September 1997, he was seen in the company of a woman and her young daughter. In October, Helms was determined to have been alone with a young girl in the early morning hours. Helms' mental health counselor wrote to the probation office regarding Helms' contact with these young girls. Although noting that there was no evidence that Helms had reoffended, the counselor opined the Helms was "deep in his cycle" and had "little to lose," suggesting a high possibility of reoffending. Given these facts, the counselor recommended incarceration for the sake of community safety.

2

Based on these facts, the district court found that Helms violated his supervised release. The court therefore revoked Helms' release and sentenced him to a twenty-four month term of imprisonment. Helms does not contest that he violated his supervised release. Rather, his attorney, filing a brief under Anders v. California, 386 U.S. 738 (1967), argues only that the sentence is unreasonable given that Helms did not reoffend and could benefit from supervised reintegration into society. Helms has filed a supplemental brief pro se in which he also asserts that his sentence was unwarranted.

As Helms correctly notes, U.S. Sentencing Commission Guidelines Manual § 7B1.4 (1995), providing imprisonment ranges for revocation of supervised release, is advisory in nature. See United States v. Davis, 53 F.3d 638, 640, n.6 (4th Cir. 1995). Thus, because the district court's sentence does not exceed the maximum limit established for violation of release in Class C Felonies under 18 U.S.C. § 3583(e) (1994), this Court reviews Helms' sentence to determine if it is plainly unreasonable. See 18 U.S.C. § 3742(a)(4) (1994). Given the facts of this case as outlined above, we cannot say that the twenty-four month sentence imposed by the district court was plainly unreasonable.

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Helms' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny counsel's pending motion to withdraw and grant the joint motion to decide the case on briefs as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3